## COLEMAN v. DAVIS.

No. 9464—Opinion Filed April 15, 1919.

(180 Pac. 371.)

(Syllabus.)

1. **Indians — Allotments — Restrictions — Statutes — Repeal.**

Act Cong. May 27, 1908, c. 199, 35 Stat. 312, entitled "An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for other purposes," is a revising act, and was intended as a substitute for all former acts relating to the subject of such restrictions, and operated to repeal the provisions of Act Cong. April 26, 1906, c. 1876, 34 Stat. 137, and previous congressional enactments in conflict therewith on the same subject.

2. **Same — Leases — Statutes — Applicability.**

Section 2, Act Cong. May 27, 1908, c, 199, 35 Stat. 312, regulating the leasing of allotted lands of members of the Five Civilized Tribes from which restrictions have not been removed, has no application to the leasing of allotted lands of an enrolled minor member of the Chickasaw Tribe of Indians of less than one-half Indian blood from which the restrictions have been removed by section 1 of said act.

3. **Same—Lands of Minors.**

The phrase "restricted lands of living mi-

nors," as used in the proviso to section 6, Act Cong. May 27, 1908, c. 199, 35 Stat. 312, has reference to the allotted lands of such minors that are restricted by section 1 of said act.

4. **Same—Jurisdiction of Probate Courts.**

By the provisions of section 6, Act Cong. May 27, 1908, c. 199, 35 Stat. 312, the persons and property of minor allottees of the Five Civilized Tribes, except as otherwise specifically provided by law, are made subject to the jurisdiction of the probate courts of the state of Oklahoma.

5. **Same—Authority of Guardian—Lease of Minor Allottee's Lands.**

Under section 6569, Rev. Laws of Oklahoma 1910, the legally qualified and acting guardian of a minor allottee of the Chickasaw Tribe of Indians of less than one-half Indian blood is authorized, under the direction and with the approval of the county court having jurisdiction of said minor's estate, to give an agricultural lease on the allotted lands of said minor for a fixed term during the minority of said minor, although said lease does not expire until more than five years from the date thereof.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by W. D. Davis against Dick Coleman to recover land. Judgment for plaintiff, and defendant brings error. Affirmed.

Guy Green, for plaintiff in error.

Bridges & Vertrees, for defendant in error.

RAINEY, J. This action was brought by W. D. Davis against Dick Coleman to recover the possession of a tract of land in Jefferson county, Okla. The plaintiff based his right to recover upon an agricultural lease executed by Chas. E. Burch, as guardian of Mattie Tamsey Burch, a minor allottee of the Chickasaw Nation, having a one thirty-second degree of Indian blood, according to the approved rolls of the Choctaw and Chickasaw Nations. The lease was executed on the 29th day of July, 1915, and by its terms was to run for a period of five years, commencing January 1, 1916. The judgment was for plaintiff, from which the defendant has appealed to this court.

It is first suggested that, since the allottee is an Indian by blood, a lease of said allottee's land for agricultural purposes for a term that expires more than five years from the date of the lease is void under the acts of Congress applicable to the leasing of lands of members of the Five Civilized Tribes. Act Cong. May 27, 1908, c. 199, 35 Stat 312, entitled "An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for

other purposes," is the governing statute, Chupco v. Chapman, 76 Okla. 201, 170 Pac. 259; Lewis v Allen 42 Ok a. 584, 142 Pac. 384; Henley v. Davis et al., 57 Okla. 45, 156 Pac. 35; cKeever v. Carter et al., 53 Okla. 360, 157 Pac. 56; Welch v. Ellis, 63 Ok.a. 158, 163 Pac. 321. Section 2 of said act provides:

"That all lands other than homesteads allotted to members of the Five Civilized Tribes from which restrictions have not been removed may be leased by the allottee if an adult, or by guardian or curator under order of the proper probate court if a minor or incompetent, for a period not to exceed five years, without the privilege of renewal; Provided, that leases of restricted lands for oil, gas or other mining purposes, leases of restricted homesteads for more than one year, and leases of restricted lands for periods of more than five years may be made, with the approval of the Secretary of the Interior, under rules and regulations provided by the Secretary of the Interior, and not otherwise."

Section 1 of this act removed the restrictions against alienation or incumbrances from all lands, including homesteads, of all allottees of the Five Civilized Tribes enrolled as intermarried citizens, as freedmen, and as mixed-blood Indians having less than one-half Indian blood, including minors. The act, therefore, removed the restrictions from the allotted lands of Mattie Tamsey Burch, since she was an Indian of less than one-half Indian blood, and the leasing of her lands is not controlled by section 2, supra.

Section 6 of the same act contains the following provision:

"That the persons and property of minor allottees of the Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the jurisdiction of the probate courts of the state of Oklahoma."

And it also contains a proviso:

"That no restricted lands of living minors shall be sold or encumbered, except by leases authorized by law, by order of the court, or otherwise."

We held in Chupco v. Chapman, supra, that the words "restricted lands of living minors," as used in said proviso, referred to allotted lands of such living minors that were restricted by section 1 of said act. There being no federal restriction other than minority against selling or leasing the lands in controversy, and, inasmuch as said lands are expressly made subject to the jurisdiction of the probate courts of the state of Oklahoma by section 6, supra, the authority of the guardian to make an agricultural lease is controlled by the probate laws of this state.

Section 6569, Rev. Laws 1910, provides:

"The county court, on the application of a guardian or any person interested in the estate of any ward, after such notice to persons interested therein as the judge shall direct, may authorize and require the guardian to invest the proceeds of sales, and any other of his ward's money in his hands, in real estate, or in any other manner most to the interest of all concerned therein; and the county court may make such other orders and give such directions as are needful for the management, investment and disposition of the estate and effects, as circumstances require."

In Cabin Valley Mining Co. v. Hall, 53 Okla. 760, 155 Pac. 570, L. R. A. 1916F, 493, this court held that said section conferred authority upon a guardian to lease his ward's land under the direction of the county court, and, with reference to the time such a lease might run, said:

"There is no limit in this section as to the terms of the lease, nor any limitation as to the time for which same may run; it being left to the judgment of the court, in the exercise of a sound discretion, to determine what is best for the interest of the minor under the circumstances."

The lease under consideration in that case was an oil and gas lease, but the case is in point in principle, as the language construed is generally applicable to an 'agricultural lease.

The question of the leasing of a minor's land for agricultural purposes beyond the minority of the ward is not in this case, and on the authority of Cabin Valley Mining Co. v. Hall, supra, and the applicable authorities therein cited, we hold that a guardian may lease his ward's land for agricultural purposes, and that there is not any limitation in the probate laws of this state as to the time for which such a lease may run during the minority of said ward, provided said lease is made under the directions and with the approval of the county court having jurisdiction of the estate of said minor.

It is also contended that the court erred in admitting in evidence, over the objection of the defendant, a purported certified copy of the letters of guardianship showing the appointment of a guardian for Mattie Tamsey Burch by the county court of Stephens county. This objection is wholly without merit. The certified copy of the letters of guardianship introduced in evidence is in regular form, and attached thereto is the certificate of Frank Frensley, court clerk of said county, by E. H. Smith, deputy clerk, certifying the same "to be a full, true, and complete copy of the original letters of guar-

dianship as fully as the same remain on file and of record in my office." The seal of the court was attached to this certificate. In addition to this the judge of the court had written his approval on the lease, and the recitals in the lease and in the order of approval were at least prima facie evidence that the lessor was the duly appointed and acting guardian. Walker et al. v. McKemie, 44 Okla. 468, 145 Pac. 359.

Lastly, the defendant says that the court erred in not holding that the lease offered in evidence by him was valid. It does not appear that said lease was made by the legal guardian of said minor, and, even if it were, the defendant was not entitled to hold possession under it, for the reason that at the time of its execution plaintiff's prior, valid, and subsisting lease covering the same land was already on record.

There being no reversible error in this record, the judgment is affirmed.

HARDY, C. J., and HARRISON, PITCHFORD, and JOHNSON, JJ., concur.